# Exhibit 3

No. 22-30179
[NO. 2:19-cr-00159-RSL, USDC, W.D. Washington]

_____

# IN THE UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

v.

PAIGE A. THOMPSON,

Defendant-Appellee.

_____

## OPENING BRIEF OF UNITED STATES

_____

Appeal from the United States District Court
for the Western District of Washington at Seattle
The Honorable Robert S. Lasnik
United States District Judge

_____

TESSA M. GORMAN
Acting United States Attorney
Western District of Washington

TANIA M. CULBERTSON
Assistant United States Attorney
700 Stewart Street, Suite 5220
Seattle, Washington 98101
Telephone: 206-553-7970

**Ex. 3, p. 1**

proceedings.[2] She gained notoriety in the illegal hacking community too: Thompson's pretrial detention proceedings were referenced in the correspondence of international criminal actors under FBI investigation for a different hacking scheme.

Because of the scale of her hacking and the total loss amount attributable to her crimes, Thompson faced a Sentencing Guidelines range of 210 to 262 months of imprisonment. But the district court sentenced Thompson to time served (approximately 100 days) and five years of probation.

This remarkably low sentence—representing a 98% variance from the low end of Thompson's Guidelines range—is substantively unreasonable. The district court failed to give reasons that justified such a significant downward variance. And the sentence fails to account for the seriousness of Thompson's offenses, the harm she caused, the need to

---

[2] *See, e.g.*, Kate Conger, *Fraud and Identity Theft Trial to Test American Anti-Hacking Law*, N.Y. Times, June 8, 2022, https://www.nytimes.com/2022/06/08/technology/capital-one-hacker-trial.html (last visited Aug. 16, 2023); *Seattle woman gets probation for massive Capital One hack*, AP News, Oct. 4, 2022, https://apnews.com/article/technology-business-seattle-sentencing-paige-thompson-6eab17de7a88d0c6a33d3f44dbfa4d2a (last visited Aug. 16, 2023).

avoid unwarranted sentencing disparities, and the need to promote respect for the law and deter criminal conduct like Thompson's. Instead, the district court focused on one factor—Thompson's status as a transgender woman—to the exclusion of all others. A sentence of time served and probation for a notorious and unrepentant cybercriminal who perpetrated a data breach of this magnitude requires correction by this Court.

## ISSUE PRESENTED

I.    The defendant committed one of the largest data breaches in United States history and caused tens of millions of dollars of loss to victim companies. Was a time-served sentence of 100 days in custody, plus five years of probation, substantively unreasonable where the district court failed to justify its 98% downward variance from the Sentencing Guidelines range and did not rationally and meaningfully consider the sentencing factors under 18 U.S.C. § 3553(a)?

## STATEMENT OF JURISDICTION

The district court had jurisdiction under 18 U.S.C. § 3231 and entered judgment on October 4, 2022. 1-ER-2. Thompson filed a notice of appeal on October 7, 2022. CR-389. The government filed a notice of cross-appeal on November 3, 2022. 2-ER-290. On August 10, 2023, Thompson moved to voluntarily dismiss her appeal; her motion was

**Ex. 3, p. 3**

## SUMMARY OF ARGUMENT

Thompson faced a Guidelines sentencing range of 210 to 262 months of imprisonment. The district court, finding that Thompson had accepted responsibility for her crimes, arrived at a Guidelines range of 168 to 210 months. But then the court sentenced Thompson to time served and five years of probation. The court failed to articulate a rationale sufficient to justify its 98% downward variance from the low end of Thompson's adjusted Guidelines range, the court did not reasonably consider the Section 3553(a) sentencing factors, and the sentence it imposed is substantively unreasonable.

The only apparent bases for Thompson's exceptionally low sentence are that Thompson is a transgender woman so her time served in prison would be "difficult"; that Thompson did not sell the massive trove of PII she stole from Capital One; that she was diagnosed with autism spectrum disorder; the district court's fear that "unenlightened" people will dismantle BOP's Transgender Executive Committee in the future; and the court's lack of sympathy for Capital One as a victim (the court did not acknowledge the harm to Thompson's other victims).

38

**Ex. 3, p. 4**